UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W. JOHNSON,

        Plaintiff,

   v.

WESTERN UNION CORPORATION, LARBO I.D. # 373, *et al.*,

        Defendants.

CASE NO. C19-0991RSL

ORDER REQUIRING MORE DEFINITE STATEMENT

On January 7, 2020, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint lists approximately thirty defendants including corporate entities (Amazon.com, Inc., Western Union, The Vanguard Group, BlackRock, Inc., *etc.*), countries (the Philippines, Mexico, and India), and various individuals associated with the corporate defendants (including Jeff Bezos and customer service representatives for Amazon and Western Union). Dkt. # 6 at 1. Plaintiff asserts a wide array of claims, such as discrimination, breach of contract, tax fraud, due process and human rights violations, some of which fall within the subject matter jurisdiction of this Court. The facts asserted in support of these claims are as follows:

On November 16, 2019, Plaintiff attempted to use a Western Union debit card to

ORDER REQUIRING MORE DEFINITE STATEMENT
PAGE – 1

make a purchase on Amazon Prime. He implies, without actually saying, that Amazon Prime failed to properly credit a refund to his account and that the purchase attempt therefore failed. He contacted both Amazon and Western Union to complain, but was thwarted by their customer service representatives.

Plaintiff seeks compensatory damages of $999,999,000,000,000 and "100% ownership of defendants corporations, assets & banking funds." Dkt. # 6 at 5.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013).

Read in the light most favorable to plaintiff, the complaint is defective for the following reasons:

● Many of the named defendants are identified only in the caption, with no mention in the body of the complaint. These defendants would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, one or more of the claims listed in the complaint.

● There are no allegations that could support plaintiff's claims of discrimination, breach of contract, tax fraud, fraud, due process or human rights violations, breach of confidentiality, "breach of U.S. citizenship," import/export banking violations, or trade or currency violations.

● The claims that might, in some way, be related to plaintiff's failed purchase transaction and his efforts to lodge a complaint, such as "foreign customer service

crimes," "denial of complaint filing of incident," and "failing to disclose foreign business office," are not legally cognizable and/or do not fall within this Court's subject matter jurisdiction.

- Finally, there is no indication that the claims against the foreign state defendants fall within one of the specifically enumerated exceptions to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*.

For all of the foregoing reasons, the Court declines to issue summons in this matter. Plaintiff is hereby ORDERED to file on or before **February 13, 2020**, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts in support of each legal claim asserted that one could conclude that plaintiff's right to relief from each defendant is as least plausible. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, February 14, 2020.

Dated this 13th day of January, 2020.

Robert S. Lasnik
United States District Judge